UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON B. HILL                                                                                CIVIL ACTION

VERSUS                                                                                        NO. 19-12687

STATE OF LOUISIANA                                                                SECTION: "S"(3)

## REPORT AND RECOMMENDATION

Petitioner, Aaron B. Hill, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In this application, he challenges his Louisiana state conviction from 1999. For the following reasons, it is recommended that his application be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

On September 1, 1999, petitioner was convicted in Louisiana state court of one count of possession of a firearm by a convicted felon.[1] On September 8, 1999, he was sentenced on that conviction to a term of ten years imprisonment without benefit of parole, probation, or suspension of sentence.[2] On July 11, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on August 30, 2002.[4]

On December 5, 2002, petitioner challenged that conviction in a federal habeas corpus application filed pursuant to 28 U.S.C. § 2254. On May 13, 2003, his application was dismissed without prejudice because he had not exhausted his remedies in the state courts.[5]

---

[1] State Rec., Vol. 2 of 4, minute entry dated September 1, 1999.
[2] State Rec., Vol. 2 of 4, minute entry dated September 8, 1999.
[3] State v. Hill, No. 2000-KA-0820 (La. App. 4th Cir. July 11, 2001); State Rec., Vol. 1 of 4.
[4] State v. Hill, 823 So. 2d 937 (La. 2002); State Rec., Vol. 1 of 4.
[5] Hill v. LeBlanc, No. 02-3638 "S"(3) (E.D. La. May 13, 2003). "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

After returning to the state courts to seek post-conviction relief, petitioner was then denied such relief by the state district court on October 23, 2003,[6] the Louisiana Fourth Circuit Court of Appeal on January 14, 2004,[7] and the Louisiana Supreme Court on January 14, 2005.[8]

During the next fourteen years, petitioner apparently took no further action to challenge the validity of his 1999 conviction until he instituted the instant proceeding in 2019. The state was thereafter served in this matter, and, on August 10, 2020, filed a response arguing, *inter alia*, that this Court lacks subject-matter jurisdiction in this habeas corpus proceeding because petitioner was no longer in custody at the time this federal application was filed.[9] Pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned United States Magistrate Judge then issued an order advising petitioner that he could file a reply to the state's response on or before November 23, 2020.[10] Petitioner subsequently filed several motions requesting extensions of time to file such a reply;[11] however, the Clerk of Court rejected all of his motions as deficient but gave him additional time to file a proper motion correcting the identified defects.[12] The Clerk's final deadline for filing a proper motion expired on January 20, 2021, without petitioner ever having filed a non-deficient motion. However, in any event, the undersigned notes that in petitioner's various deficient motions, he consistently asked that he be granted an extension of time until **January 22, 2021**, to file his reply – a date that has now elapsed. Therefore, petitioner has in effect obtained the extension of time he was seeking, but, nevertheless, he still has not filed a reply by the deadline which he himself proposed.

---

[6] State Rec., Vol. 1 of 4, Judgment dated October 23, 2003; State Rec., Vol. 2 of 4, minute entry dated October 23, 2003.
[7] State v. Hill, No. 2003-K-2067 (La. App. 4th Cir. Jan. 14, 2004); State Rec., Vol. 3 of 4.
[8] State ex rel. Hill v. State, 889 So. 2d 258 (La. 2005); State Rec., Vol. 4 of 4.
[9] Rec. Doc. 20.
[10] Rec. Doc. 21.
[11] Rec. Docs. 22, 24, and 26.
[12] Rec. Docs. 23, 25, and 27.

In light of the foregoing, the undersigned sees no good reason for further delaying action on petitioner's underlying application for habeas corpus relief, especially given the fact that, as the state correctly notes in its response, there is no indication whatsoever that this Court has jurisdiction in this matter.[13]

It is true that federal district courts have jurisdiction to entertain petitions for writs of habeas corpus from persons who are "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). But, of import here: a federal habeas corpus petitioner is no longer considered to be "in custody" with respect to a conviction for which his sentence has **fully expired**. Maleng v. Cook, 490 U.S. 488, 492 (1989).

In this federal application, which – again – petitioner filed in **2019**, he challenges his state conviction from approximately **twenty years** earlier in **1999**. However, as noted, that conviction resulted in only a **ten**-year sentence. Therefore, seemingly, his resulting sentence would have fully expired approximately a decade before this action was brought – a fact which would appear to explain why petitioner listed a private address and telephone number in his original filing,[14] why he requested "an Exoneration" rather than a release from incarceration,[15] and why, in the pauper application he submitted with his filing, he answered "N/A" to the question asking where he was incarcerated and listed monthly expenses for "Rent, Lights, Water, and Phone Bill."[16]

Because petitioner obviously was not incarcerated at the time he filed this federal application, and because he has not even alleged, much less shown, that he met the custody requirement for federal habeas corpus relief, it is appropriate for the Court to dismiss his

---

[13] Because the Court lacks jurisdiction in this matter for the reasons noted herein, a discussion of the numerous other defenses raised by the state in its response need not be addressed.
[14] See Rec. Doc. 1, p. 3.
[15] See id.
[16] See Rec. Doc. 2.

application for lack of subject matter jurisdiction. See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __25th__ day of January, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**