**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AARON B. HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  19-12687** |
| **STATE OF LOUISIANA** | **SECTION: "S" (3)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that petitioner's **Second Motion for Extension of Time** (Rec. Doc. 33) is **GRANTED** as set forth herein;

**IT IS FURTHER ORDERED** that petitioner's **Motion for Appointment of Counsel** (Rec. Doc. 33) is **DENIED**.

On January 25, 2021, petitioner in this 28 U.S.C. § 2254 case filed a motion for an extension of time until April 22, 2021 to respond to the State of Louisiana's response to his habeas petition. The same day, the Magistrate Judge issued its Report and Recommendation, which was docketed prior to docketing petitioner's motion. Therefore, the Magistrate Judge issued her Report and Recommendation without the opportunity to rule on the requested extension, and without the benefit of petitioner's response. The Report and Recommendation stated that Objections thereto must be filed by February 8, 2021.

Having reviewed the record in this matter, the court grants petitioner an extension of time until **April 22, 2021**, to file Objections to the Report and Recommendation, which may include any arguments he intended to submit in his response. The court will consider all of his arguments at that time.

With respect to petitioner's request for appointment of counsel (Loyola Law Clinic), there is no general constitutional right to appointed counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). An exception, not applicable here, requires that "[i] the court holds an evidentiary hearing, counsel must be appointed for an indigent defendant." United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). While 18 U.S.C. § 3006A(2)(b), grants courts discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C.§ 2254 when "the interests of justice so require," in this case, petitioner has not established that he is indigent, and has acknowledged in his motion that he is not incarcerated and cannot maintain a § 2254 action. Accordingly, he cannot demonstrate that the interests of justice require appointment of counsel to pursue this claim. Therefore,

     **IT IS HEREBY ORDERED** that petitioner's **Second Motion for Extension of Time** (Rec. Doc. 33) is **GRANTED** as set forth herein;

     **IT IS FURTHER ORDERED** that petitioner's **Motion for Appointment of Counsel** (Rec. Doc. 33) is **DENIED**.

     New Orleans, Louisiana, this 12th day of February, 2021.

            **MARY ANN VIAL LEMMON**
            **UNITED STATES DISTRICT JUDGE**